**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRIAN W. BAUMAN, *et al.*, | ) | CASE NO. 2:12-CV-933 |
| | ) | |
| Plaintiffs, | ) | JUDGE GREGORY L. FROST |
| | ) | |
| vs. | ) | MAGISTRATE MARK R. ABEL |
| | ) | |
| BANK OF AMERICA, N.A., *et al.*, | ) | **DEFENDANTS' MOTION FOR** |
| | ) | **SUMMARY JUDGMENT ON THE** |
| Defendants. | ) | **COMPLAINT** |

Pursuant to Civ.R. 56, Defendants Bank of America, N.A. and Hudson City Savings Bank are entitled to summary judgment on Plaintiffs' Complaint based on the statute of limitations, the fact neither Defendant is a "debt collector," and the lack of vicarious liability. A memorandum in support is attached hereto and incorporated herein.

Respectfully submitted,

*/s/ Amanda L. Holzhauer*
Amanda L. Holzhauer (0088844)
Bryan T. Kostura (0078785)
**McGlinchey Stafford**
25550 Chagrin Boulevard, Suite 406
Cleveland, Ohio 44122
Telephone: (216) 378-9905
Facsimile: (216) 378-9910
aholzhauer@mcglinchey.com
bkostura@mcglinchey.com
*Co-Counsel for Plaintiff*

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THE COMPLAINT**

## I. INTRODUCTION

This action raises claims arising solely under the Fair Debt Collection Practices Act (the "FDCPA"). The FDCPA, however, only applies to parties that are "debt collectors" as defined by the act. The evidence here establishes that neither Bank of America, N.A. ("BANA") nor Hudson City Savings Bank ("Hudson Savings") satisfy this definition. As both Hudson Savings and BANA acquired their interest in the Loan during periods when Plaintiffs Brian W. Bauman and Cynthia Bauman ("Plaintiffs") were current on their loan, the FDCPA does not apply to them.

Moreover, Hudson Savings could not be liable under the FDCPA on these facts. For Hudson Savings to be vicariously liable for its servicer's actions, Plaintiffs would have to prove that that Hudson Savings had control over BANA. However, the evidence clearly establishes that Hudson Savings did *not* control BANA's communications with Plaintiffs.

Furthermore, one of Plaintiff's claims is entirely barred by the statute of limitations that governs claims under the FDCPA. Specifically, Plaintiffs allege that BANA violated the FDCPA by initiating foreclosure proceedings against them when they were more than a year behind on their payments. However, Plaintiffs' 2012 action was brought over a year after that 2010 action was filed and thus is time-barred. The evidence shows that neither BANA nor Hudson Savings are liable under the FDCPA, and Hudson Savings cannot be vicariously liable for BANA's action. Therefore, Defendants are entitled to summary judgment. They are also entitled to summary judgment on any claims based on the 2010 foreclosure which is barred by the statute of limitations.

## II.  FACTS

Plaintiffs executed a Note ("Note") in favor of Taylor, Bean, and Whittaker Mortgage Corp. in the amount of $539,250.00 on August 13, 2004 to obtain a loan ("Loan"). (Allison Krivansky Affidavit, "Krivansky Aff.," attached as Exh. A, ¶¶ 2-3; Exh. A-1.)  The Note was secured by a Mortgage ("Mortgage") on property located at 1094 Forsythe Lane, Galena, Ohio 43021 (the "Property"), executed on August 13, 2004, and recorded August 26, 2004. (Krivansky Aff., ¶ 3; Exh. A-2.)  Plaintiffs' Loan was subsequently sold to Countrywide Home Loans Inc. (Krivansky Aff., ¶ 3; Exh. A-1.; Brian McClenahan Affidavit, "McClenahan Aff.," attached as Exh. B, ¶ 3.)  On October 29, 2004, the Loan was sold to Hudson City Saving Bank. (McClenahan Aff., ¶ 3; Deposition of Brian McCleanaham, "McClenahan Depo.," attached hereto as Exh. C, pg. 14, lns. 13-14.)  Accordingly, Hudson took physical possession of the Note endorsed in blank in 2004. ( McClenahan Aff., ¶ 3; McClenahan Depo., lns. 21-23.)

Countrywide Home Loans Inc. retained servicing rights when the Loan was sold to Hudson Savings. (Krivansky Aff., ¶ 4.)  Countrywide Home Loans Servicing, LP took over the servicing of the Loan in November 2008. (*Id*.)  Countrywide Home Loans Servicing, LP changed its name to BAC Home Loans Servicing, LP in April 2009. (Krivansky Aff., ¶ 3; Exh. A-3.) BAC Home Loans Servicing, LP subsequently merged with BANA on July 1, 2011.  (*Id*., ¶ 3; Exh. A-4.)  Accordingly, BANA became, and remains, the servicer of the Loan on behalf of Hudson Savings. (Deposition of Marcus Lewis, "Lewis Depo.,"  attached hereto as Exh. D, pg. 74, lns. 10-16; McClenahan Depo., pgs. 54-56.)  However, Hudson Savings does not control BANA's action in servicing of the loan. (McClenahan Depo., pg. 54, lns. 15-23; pg. 56, lns, 10-12.)

Plaintiffs were current on their Loan from November 2005 to May 2009.  (Krivansky Aff., ¶¶ 3 & 5; Exh. A-5.)  However, in May 2009, Plaintiffs defaulted on their obligation. (*Id*.)

As of July 2010, there was due and owing on the Loan the unpaid principal balance of $497,338.45, plus interest at the rate of 5.8750% per annum from June 1, 2009 plus any amounts advanced for real estate taxes, hazard insurance premiums and property protection, and interest on such advances, plus late charges. (Krivansky Aff., ¶¶ 3 & 6; Exh. A-5.) Accordingly, BAC Home Loans Servicing, LP brought an action in foreclosure as servicer for Hudson Savings on July 20, 2010 ("2010 Foreclosure"). (Docket for *BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP v. Brian W. Bauman, et al.*, Case No. 10-CVE-071079.) That case was dismissed on February 27, 2012. (*Id.*)

Plaintiffs, still in default on their obligations under the Loan, brought the instant action on October 11, 2012 based solely on alleged violations of the FDCPA. (Krivansky Aff., ¶ 3; Exh. A-5.) Specifically, Plaintiffs challenge BAC Home Loans Servicing, LP's standing to bring the 2010 Foreclosure and language in a loss mitigation letter sent to borrowers dated October 2, 2012.

## III. LAW AND ARGUMENT

### A. Relevant legal standard.

"A motion for summary judgment should be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Fryberger v. Lake Cable Recreation Ass'n*, 40 Ohio St.3d 349, 350 (1988). When seeking summary judgment, the movant bears the initial burden of informing the Court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997); *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies its initial burden, the nonmoving party then has a reciprocal burden to "set forth specific facts showing there is a genuine issue for trial." *Vahila*,

77 Ohio St.3d at 429, *citing* Civ.R.56(E). Allegations and pleadings are insufficient to establish that triable issues of fact exist. The non-moving party:

> must present significant and probative evidence in support of its complaint. The mere existence of evidence in support of [the non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant].

(Emphasis added; citations omitted). *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir.1994). *Accord*, *Nelson v. Taoka*, 82 Ohio App.3d 101, 108 (6th Dist.1992).

**B. <u>BANA is not a "debt collector" under the FDCPA.</u>**

The FDCPA only applies to "debt collectors." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir.2006). The burden to prove that that BANA and Hudson Savings are "debt collectors" under the FDCPA rests with Plaintiffs. *Passa v. City of Columbus*, 748 F.Supp.2d 804, (S.D.Ohio 2010). Under 15 U.S.C. § 1692a(6)(F)(iii) a "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity…concerns a debt which was not in default at the time it was obtained by such person." *See Ogle v. BAC Home Loans Servicing LP*, 924 F. Supp. 2d 902, 910 (BAC was not a "debt collector" under the FDCPA because it began servicing the loan prior to the borrowers decision to cease making payments). Moreover, "[a]n entity that 'services' the loan is treated as a 'creditor' and generally is not subject to the FDCPA, when the debt was not in default at the time it was assigned." *Id*. (citations omitted). Plaintiffs cannot prove this element of an FDCPA claim because the evidence clearly establishes that BANA or its processor has been the servicing this Loan since November 2008.

BANA is the current servicer of the Loan. (Krivansky Aff., ¶ 4; McClenahan Aff., ¶ 3.) BANA's servicing interest in the Loan was acquired through its merger with Countrywide Home Loans Servicing, LP who started servicing the Loan in 2008. (Krivansky Aff., ¶¶ 3-4; Exh. A-4).

Accordingly, BANA is not a debt collector. *See Phillips v. PNC Bank, NA*, No. 3:12-cv-207, 2012 U.S. Dist. LEXIS 174740 (S.D.Ohio December 10, 2012), citing *Brown v. Morris*, 243 F. App'x 31, 34-35 (5th Cir.2007) (party that acquired a mortgage by merger, rather than by transfer or assignment, had not "obtained" the debt while it was in default, and thus, was not an FDCPA debt collector). As Countrywide Home Loans Servicing, LP was servicing the Loan before Plaintiffs' default, BANA as their successor-in-interest by merger is not a debt collector under the FDCPA. *Glazer v. Chase Home Finance LLC*, 704 F.3d 453 (6th Cir.2013) (servicer was not a debt collector, where it obtained the loan for servicing before default); *Mattison v. PNC Bank, N.A.*, No. 3:13-cv-061, 2013 U.S. Dist. LEXIS 106721 (S.D.Ohio July 30, 2013), citing *Bridge v. Ocwen Federal Bank, FSB*, 681 F.3d 355, 359-62 (6th Cir.2012).

**C. <u>Hudson is not liable under the FDCPA.</u>**

Plaintiffs have not alleged, nor is there evidence to suggest that Hudson Savings itself ever made any communication to Plaintiffs. Rather, Plaintiffs' claims against Hudson Savings are premised solely on the theory that it is vicariously liable for the conduct of BANA. As Hudson Savings is not a "debt collector" and cannot be vicariously liable on the facts in evidence, it is entitled to summary judgment on all of Plaintiffs' claims.

1. <u>Hudson is not a "debt collector" under the FDCPA.</u>

The evidence clearly establishes that Hudson bought Plaintiffs' Loan in 2004. Moreover, it has been the holder of the Note and has been in possession of the Note endorsed in blank since 2004. (McClenahan Depo., pg. 14, lns. 21-23.) For this reason, Hudson Savings, like BANA, is not a "debt collector" under the FDCPA. 15 U.S.C. § 1692a(6)(F)(iii).

2. Hudson cannot be held variously liable for BANA's alleged violations of the FDCPA.

Even if Hudson Savings had not acquired an interest in the Loan prior to Plaintiffs' 2009 default, it would still not be liable on these facts. A principle is only liable for the acts of its agent where it had control over the agent's conduct. *Clark v. v. Main Street Acquisition Corp.*, 1:12–cv–408, 2013 WL 2295879 (S.D.Ohio May 24, 2013) (granting summary judgment to defendant where a debt collector did not exercise control over or even had knowledge of the conduct that formed the basis for the FDCPA claim); *Fed. Home Loans v. Lamar,* No. 1:05 CV 1455, 2006 WL 2422903 (N.D.Ohio Aug. 22, 2006) (finding that a debt collector was not vicariously liable on an FDCPA claim for the conduct of loan process servicers it retained where the servicers were not debt collectors and it did not have control over the manner or means by which the process servicers performed their work).

Hudson Savings did not control how BANA serviced the Loan. (McClenahan Depo. pg. 56, lns 10-12.) Hudson Savings, as investor, assigned servicing duties to BANA and it did not oversee BANA's servicing work. (*Id*.) Moreover, Hudson Savings did not have any knowledge of the affidavit filed in the 2010 Foreclosure nor the October 2, 2012 letter prior to this action. (Id. at pg. 54, lns. 15-20.) Vicarious liability cannot attach to Hudson in the absence of control. Therefore, Hudson is entitled to summary judgment in its favor.

**D. Plaintiffs' claim based on the foreclosure is barred by 15 U.S.C. §1692k.**

Plaintiffs' claim based on the 2010 Foreclosure should also be dismissed because it is barred by the statute of limitations. 15 U.S.C. §1692k imposes a one year statute of limitations on actions under the FDCPA. This statute of limitations runs from the date that the violation occurred. 15 U.S.C. §1692k(d) ("**Jurisdiction.** An action to enforce any liability created by this title…may be brought…within one year from the date on which the violation *occurs*.) (italics

added); *Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F. Supp. 2d 914, 944-945 (N.D.Ohio 2009) (finding FDCPA claims barred by the statute of limitations where they were not filed within one year of the initiation of the underlying foreclosure actions). Plaintiffs brought this action in October 2012. Therefore, Plaintiffs' allegations relating to conduct prior to October 2011 are barred by the statute of limitations.

Plaintiffs' claim regarding the 2010 Foreclosure was brought over a year outside of the statute of limitations. Plaintiffs seek to avoid this fact by characterizing this claim based as an "ongoing violation in the Foreclosure Action through the date of the dismissal." (ECF 10, Pg. ID # 136.) However, this Court has previously considered and rejected this exact argument. *Slorp v. Lerner*, No. 2:12-cv-498, 2013 U.S. Dist. LEXIS 32538 (S.D.Ohio March 8, 2013) (dismissing FDCPA claim brought outside the one-year statute of limitations). Specifically, in *Slorp*, the Court rejected plaintiff's argument that maintaining litigation is a continuing violation that tolls the statute of limitations for an FDCPA claim. *Id.*, at *17-18; s*ee also Bihn v. Fifth Third Mortgage Co.*, No. 3:13-cv-00057, 2013 WL 5657598, *4 (S.D.Ohio Oct. 16, 2013). Plaintiffs did not bring their FDCPA claim based on the 2010 Foreclose within one year after the action was *filed*, so it is barred by 15 U.S.C. §1692k. Therefore, even if the FDCPA were applicable to parties–which it is not–Defendants would still be entitled to dismissal of Plaintiff's claim based on the 2010 Foreclosure.

## IV. CONCLUSION

No genuine issue of material fact exists that would allow Plaintiffs to succeed on their Complaint for the reasons stated above. Accordingly, Defendants Bank of America, N.A. and Hudson City Savings Bank request this Court grant them summary judgment against Plaintiffs

Brian W. Bauman and Cynthia Bauman on all counts and dismiss the Complaint in its entirety with prejudice.

        Respectfully submitted,

        /s/ *Amanda L. Holzhauer*
        Amanda L. Holzhauer (0088844)
        Bryan T. Kostura (0078785)
        **McGlinchey Stafford**
        25550 Chagrin Boulevard, Suite 406
        Cleveland, Ohio 44122
        Telephone:  (216) 378-9905
        Facsimile:  (216) 378-9910
        aholzhauer@mcglinchey.com
        bkostura@mcglinchey.com
        *Co-Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing *Defendants' Motion for Summary Judgment on the Complaint and Memorandum is Support of Defendants' Motion for Summary Judgment on the Complaint* were served upon the following electronically this 14th day of February, 2014:

Andrew J. Gerling, Esq.
Troy J. Doucent, Esq.
Doucet & Associates, LLC
4200 Regent Street, suite 200
Columbus, OH 43219

*Counsel for Plaintiffs Brian Bauman and Cynthia Bauman*

*/s/ Amanda L. Holzhauer*
Amanda L. Holzhauer